**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RAMON MONTANO,

     Defendant-Appellant.

No. 97-2356
(D.C. No. CR-95-104)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, Circuit Judge, **HENRY,** Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

On October 16, 1996, Ramon Montano ("Montano"), the appellant, and ten others were jointly charged in a nine-count superseding indictment filed in the United States District Court for the District of New Mexico with various drug offenses. In Count One Montano and the other ten defendants were charged with conspiring between June 1994 through and including the date and return of the superseding indictment to possess with an intent to distribute methamphetamine, cocaine and marijuana in violation of 21 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

§§ 841(a)(1), 841(b)(1)(A) and 846.

In Count Two Montano and three other defendants were charged with engaging from June 1994 to the date of the return of the superseding indictment in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. §§ 841, 846 and 848, "including but not limited to the violations alleged in Counts Three through Eight of this indictment, which counts are realleged and incorporated herein by reference as if fully set forth in this count, all of which violations were a part of a continuing series of violations of Title 21 of the United States Code . . . ."

In Count Three certain of the other defendants, but not Montano, were charged with knowingly possessing with an intent to distribute cocaine, on November 23, 1994, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

In Count Four certain of the other defendants, but not Montano, were charged with knowingly possessing with an intent to distribute cocaine, on January 2, 1995, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

In Count Five, Montano and certain other defendants were charged with knowingly possessing with an intent to distribute methamphetamine between January 30, 1995, to February 3, 1995, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2.

In Count Six, Montano and certain other defendants were charged with knowingly possessing with an intent to distribute marijuana between January 30, 1995 to February 3,

1995, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2.

In Counts Seven and Eight, other defendants, but not Montano, were charged with drug violations.

In Count Nine, Montano and all defendants were charged with criminal forfeiture as provided for by 21 U.S.C. § 853(p). That count is in nowise involved in the present appeal.

In a nine-day jury trial of Montano and one of his co-defendants, Emiliano Barrajas-Diaz, Montano was found guilty on Counts Two, Five and Six. (Montano was found not guilty of the charge in Count One, i.e., conspiracy, the district court having instructed the jury not to consider the conspiracy charge if it found Montano guilty under Count Two.) The district court thereafter sentenced Montano to imprisonment for 360 months under each count to be served concurrently, to be followed by five years of supervised release. Montano now appeals his conviction and sentence.

On appeal, Montano raises but one issue, i.e., the evidence is legally insufficient to support the guilty verdicts returned on Counts Two, Five and Six. We find the evidence to be legally sufficient to support those verdicts and we, therefore, affirm.

It was the government's theory of the case that Montano was a leader and organizer of a group that was engaged in a continuing operation over a year or so in and out of El Paso, Texas, bringing methamphetamine, cocaine and marijuana into El Paso from Mexico, and moving it by truck and trailer to various places around the United States,

including Chicago, California, Oklahoma and Louisiana. The so-called "break" in the case came on or about February 3, 1995, in Las Cruces, New Mexico, when Hector Sanchez-Sanchez ("Sanchez") and Ernesto Cerda-Mincitar ("Cerda") were arrested while driving a 1990 Chevrolet pickup truck pulling a gooseneck trailer from El Paso, Texas, to Chicago, Illinois. A search of the trailer disclosed approximately 675 pounds of methamphetamine and 241 pounds of marijuana secreted in fiberglass containers.

We shall first consider Montano's challenge to the sufficiency of the evidence to sustain his conviction under Counts Five and Six. In Count Five, Montano, Sanchez, Cerda, and others, were charged with possessing with an intent to distribute methamphetamine some time between January 30, 1995, and February 3, 1995 in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(A). Each was also charged with violation of the aiding and abetting statute, 18 U.S.C. § 2. In Count Six, Montano, Sanchez, Cerda, and others, were charged with possessing with an intent to distribute marijuana some time between January 30, 1995 and February 3, 1995 in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Again, each was also charged with violation of the aiding and abetting statute, 18 U.S.C. § 2

Prior to trial, the government conceded that Counts Five and Six were based on the seizure of methamphetamine and marijuana hidden within false compartments of the gooseneck trailer found in the Motel 6 parking lot in Las Cruces, New Mexico, on February 3, 1995, which contraband Sanchez and Cerda were transporting from El Paso,

Texas to Chicago, Illinois. Montano admittedly was not in Las Cruces at the time of the seizure, and counsel argues that the circumstantial evidence was insufficient to tie Montano into that transaction. We disagree. Our study of the record convinces us that there is ample evidence to indicate that Montano aided and abetted. In this connection we note that Sanchez, who testified as a government witness, tied Montano into the conspiracy. Further, it would appear to us that the methamphetamine and marijuana seized in the search of the trailer in Las Cruces came from premises in El Paso, Texas, kept and maintained by Montano. Additionally, Montano was present at the El Paso premises while the narcotics were wrapped in preparation for shipment. Finally, a receipt found in the 1990 Chevrolet truck which pulled the gooseneck trailer indicated that Montano had the truck serviced in January 1995.

As concerns Montano's further argument that the evidence is insufficient to support his conviction under the CCE statute, 21 U.S.C. § 848, we reject counsel's suggestion that the evidence does not show that Montano was a leader or organizer of the enterprise. The record indicates he most certainly was, and was not just a "minor player." Also we reject the further suggestion that Montano did not obtain "substantial income or resources from the alleged series of violations of the Controlled Substances Act." He did. The record shows that Montano purchased a 1994 Chevrolet truck for $24,000.00 in cash and gave between $12,000.00 and $15,000.00 in cash to his girlfriend for "safekeeping." *See United States v. Losada,* 674 F.2d 167, 173 (2ⁿᵈ Cir. 1982) (stating that the statute does not

prescribe a minimum amount of money required to constitute "substantial" income, but the language clearly was intended to exclude trivial amounts derived from occasional drug sales.)

Judgment affirmed.

ENTERED FOR THE COURT,

Robert H. McWilliams
Senior Circuit Judge